Filed 9/2/21  P. v. Carranza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHARLES CARRANZA,<br><br>  Defendant and Appellant. | F081156<br><br>(Super. Ct. No. PCF392317B)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary M. Johnson, Judge.

Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Meehan, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment imposing sentence and is appealable pursuant to Penal Code section 1237,[1] subdivision (a).

## STATEMENT OF THE CASE

A felony complaint filed on February 3, 2020, charged Carranza with unlawful driving or taking of a motor vehicle (Veh. Code, § 10851, subd. (a); count 1), purchase or receipt of a stolen vehicle (§ 496d; count 2), and misdemeanor possession of burglary tools (§ 466; count 3). Counts 1 and 2 alleged Carranza committed the offenses while on release from custody in violation of section 12022.1.

On February 19, 2020, Carranza pled no contest to count 1 and count 3 pursuant to a plea agreement. Carranza did not change his plea to count 2 which was to be dismissed at the time of sentencing. The parties stipulated to a factual basis for the plea. Carranza also pled no contest to various charges in several companion cases.

On March 10, 2020, the trial court denied a request to continue sentencing. As to count 1, the court denied probation and sentenced Carranza to the middle term of two years. The court imposed no time on count 3. The court imposed a restitution fine of $500, a parole revocation fine of $500, a court operations fee of $80, and a conviction assessment of $60. The remaining counts and special allegations were dismissed.

On May 11, 2020, Carranza filed a timely notice of appeal. The trial court granted a certificate of probable cause.

This court denied Carranza's motion to consolidate this appeal with appeal no. F081159 by order dated December 16, 2020.

## STATEMENT OF FACTS

According to the probation officer's report, on January 20, 2020, at about 7:45 p.m., Tulare police officers were patrolling when they saw a Ford van parked the

---

[1] Unlabeled statutory references are to the Penal Code.

wrong way on the road. They were advised by dispatch that the van had been stolen. The officers contacted the van's occupants, Carranza and co-defendant Valerie Washington. Both were taken to the Tulare Police Department for questioning. A records search revealed Carranza had active warrants. A search of Carranza produced five shaved vehicle keys. He said he had found them at a junkyard and that he knew nothing about a stolen vehicle. He said that Washington was the driver and had the keys to the vehicle.

Washington told the officers that her friend "Pelva" had lent her the vehicle, but she denied having driven it. At the scene, the officers called the registered owner of the vehicle, A.E., who responded to the scene and retrieved the vehicle.

## APPELLATE COURT REVIEW

Carranza's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating Carranza was advised he could file his own brief with this court. By letter on February 2, 2021, we invited Carranza to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.